**SO ORDERED.**

**SIGNED this 25 day of February, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| **IN RE:** | |
| | **CASE NO.   09-03636-8-JRL** |
| **CLAUDIA NEWELL,** | **Chapter 11** |
|       Debtor. | |
| **L. ARDAN DEVELOPMENT CORPORATION,** | |
|       Plaintiff | |
|     vs | **Adversary Proceeding No. 09-00136-8-AP** |
| **CLAUDIA N. TOUHEY a/k/a CLAUDIA Z. NEWELL,** | |
|       Defendant. | |
| **MARGARET T. FREDEEN,** | |
|       Plaintiff | |
|     vs | **Adversary Proceeding No. 09-00137-8-AP** |
| **CLAUDIA N. TOUHEY a/k/a CLAUDIA Z. NEWELL,** | |
|       Defendant. | |

**ORDER**

These cases are before the court on the motions of L. Ardan Development Corporation

and Margaret T. Fredeen (collectively the "plaintiffs") for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1), to remand the adversary proceedings to state court pursuant to Bankruptcy Rule 9027, and for relief from the automatic stay pursuant to 11 U.S.C. § 362 to complete the litigation in state court.  On January 12, 2010, the court conducted a hearing on this matter in Raleigh, North Carolina.

## BACKGROUND

On May 1, 2009, the debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Approximately ten months prior, the plaintiffs each filed lawsuits in the Carteret County Superior Court, asserting claims for breach of contract, quantum meruit, and unjust enrichment against the debtor for failure to repay monies allegedly loaned to her by the plaintiffs.  The complaints were filed on June 25, 2008, and answered by the debtor on September 4, 2008.  During the discovery period the plaintiffs filed motions for summary judgment.  The debtor filed a motion to continue the summary judgment hearings under Rule 56(f), requesting a continuance to enable additional discovery to be undertaken.  A hearing was held on February 23, 2009, at which the summary judgment motions were continued and the debtor allowed an additional sixty days to conduct discovery.  Subsequently the debtor filed a motion to disqualify the Honorable Russell J. Lanier, Jr. from hearing the plaintiffs' motions for summary judgment and requested that her motion be heard along with the summary judgment motions on May 4, 2009.  A few days before the scheduled hearing the debtor filed her chapter 11 petition, and on June 30, 2009, notices of removal for the lawsuits were filed with the

bankruptcy court.[1]  Shortly thereafter the plaintiffs filed the instant motions for remand.  On September 9, 2009, each plaintiff filed a proof of claim against the debtor's bankruptcy estate.[2]

## DISCUSSION

a. Jurisdiction

Title 28, § 1334 of the United States Code conveys original and exclusive jurisdiction of all cases under Title 11 to the district courts.  In addition, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."[3]  28 U.S.C. § 1334(a), (b).  A proceeding "arises under" Title 11 if it invokes a "substantive right created by the Bankruptcy Code."  Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987).  Proceedings "arising in" a case under Title 11 are those that "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."  Bergstrom v. Dalkon Shield (In re A.H. Robins Co.), 86 F.3d 364, 372 (4th Cir. 1996) (quoting Wood, 825 F.2d at 97).  Prior to plan confirmation, a civil proceeding is "related to" a chapter 11 case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Valley Historic Ltd. Partnership v. Bank of New York, 486 F.3d 831, 835-36 (4th Cir 2007) (citing Owens-Ill., Inc. v.

---

[1] The plaintiffs assert that at the time of filing the instant motions, no notices of removal had been filed with the Carteret County Clerk.  At hearing, the debtor's counsel assured the court that the proper notices had been timely filed.

[2] L. Arden Development filed a proof of claim in the amount of $150,000.00.  Peg Fredeen submitted a proof of claim for $565,844.00.

[3] The district courts have authority to refer these proceedings to bankruptcy courts.  See 28 U.S.C. § 157(a), (b)(1). By General Order of Reference entered on August, 1984, the U. S. District Court for the Eastern District of North Carolina referred all such proceedings to this court.

3

Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 625 (4th Cir. 1997)).

Applying the least restrictive of the tests to these adversary proceedings, the court finds that the plaintiffs' claims are sufficiently related to the pending bankruptcy to create subject matter jurisdiction under 28 U.S.C. § 1334.  The plaintiffs seek to recover funds they allegedly loaned to the debtor, and they have filed claims against the estate for those amounts.  A chapter 11 plan has yet to be confirmed in the debtor's bankruptcy case.  It is conceivable that the plaintiffs could recover a judgment from the debtor for the full amount of their claims, thereby substantially increasing the debtor's liability and affecting the administration of the estate.

b. Mandatory Abstention

Mandatory abstention prevents a federal court from "hearing a non-core matter which can be timely adjudicated in state court in a previously commenced action."  Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises Inc. (In re Mercer's Enterprises, Inc.), 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008) (citing Cox v. Cox (In re Cox), 247 B.R. 556, 569 (Bankr. D. Mass. 2008)).  Under 28 U.S.C. § 1334(c)(2), a federal court must abstain from hearing a proceeding if the following factors are met: (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction.  If all of the elements are present, a court must abstain from hearing the matter.  28 U.S.C. § 1334(c)(2).

However, the bankruptcy court is not required to abstain if the matter is a core proceeding "arising under" Title 11 or "arising in" a case under Title 11. See 28 U.S.C. § 157(b); 28 U.S.C. § 1334(c)(2); Mercer's, 387 B.R. at 684 (citing Cox, 247 B.R. at 569). Section 157 of Title 28 provides a non-exhaustive list of matters deemed "core proceedings" such that a bankruptcy judge may properly hear and determine the case. The definition of "core proceedings" specifically includes the "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(B). Designating the allowance or disallowance of a claim as a core proceeding is consistent with 11 U.S.C. § 502(b), which requires the bankruptcy court, upon objection to a proof of claim, to determine the amount of such claim as of the date of the bankruptcy filing.[4]

Enacted in the wake of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), Congress created the core/non-core distinction to remedy jurisdictional defects in the Bankruptcy Act of 1978. Humboldt Express Inc. v. Wise Co. (In re Apex Express Corp.), 190 F.3d 624, 631 (4th Cir. 1999). Still, the distinction between which matters are "core" and which are "non-core" is not entirely clear. Id. The Fourth Circuit has expressed concerns that broad readings of the literal terms of § 157(b)(2) could "swallow the rule established by Northern Pipeline." Id. at 631-32. As a result, the Fourth Circuit narrowly interprets the statutory text of § 157(b), in accordance with the dictate of the Supreme Court that "Congress may not force non-consenting claimants whose claims are based on state-created private rights into non-Article III courts." Id. (citing Northern Pipeline, 458 at 70-72).

---

[4]In some instances, an objection to a proof of claim must be asserted in an adversary proceeding. See FED R. BANKR. P. 3007(b), 7001.

Nevertheless, when a creditor files a proof of claim in a debtor's bankruptcy case, that creditor consents to the equitable jurisdiction of the bankruptcy court. Id. at 631 n.7.

" 'By filing a proof of claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.' " Valley Historic Ltd. Partnership v. Bank of New York, 486 F.3d 831, 838 n.2 (4th Cir 2007) (quoting Langenkamp v. Culp, 498 U.S. 42, 44 (1990)); see also In re Manville Forest Products Corp., 896 F.2d 1384, 1389 (2d Cir. 1990) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989)). A core proceeding "arises in" a case under Title 11 when the proceeding " 'would have no practical existence *but for* the bankruptcy.' " Valley Historic, 486 F.3d 831 at 835 (quoting Bergstrom v. Dalkon Shield (In re A.H. Robins Co.), 86 F.3d 364, 372 (4th Cir. 1996)).

> The filing of the proof invokes the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution. Understood in this sense, a claim filed against the estate is a core proceeding because it could arise *only* in the context of bankruptcy. Of course, the state-law right underlying the claim could be enforced in a state court proceeding absent the bankruptcy, but the nature of the state proceeding would be different from the nature of the proceeding following the filing of a proof of claim.

Wood v. Wood (In re Wood), 825 F.2d 90, 97-98 (5th Cir. 1987) (emphasis added); see also In re Exide Techs., 544 F.3d 196, 214 (3d Cir. 2008) ("[I]t is axiomatic that filing a proof of claim triggers the claims allowance process . . . which, by its very nature, is a 'core' proceeding that can *only* arise in a [T]itle 11 case."). Thus, even where a bankruptcy court would not have jurisdiction over proceedings filed in state court, it has core jurisdiction over related proofs of claim filed against the bankruptcy estate. The process of allowing or disallowing those claims is

"core" because that process can only arise in the context of bankruptcy.

Here, the plaintiffs filed proofs of claim against the debtor's bankruptcy estate. The debtor's affirmative defenses constitute objections to the claims, requiring the bankruptcy court to determine if the debtor is liable to the plaintiffs as well as the nature and extent of that liability. Therefore the state court proceedings initiated to determine the debtor's liability to the plaintiffs come under the bankruptcy court's core jurisdiction as part of the process of allowance or disallowance of claims. As such, the bankruptcy court is not required to abstain under 28 U.S.C. § 1334(c)(2).

b. Permissive Abstention

The plaintiffs also contend that the court should voluntarily abstain from hearing the adversary proceedings under 28 U.S.C. § 1334(c)(1). Under that section, a federal court may voluntarily abstain from hearing a proceeding "arising under" Title 11 or "arising in" or "related to" a case under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). The Bankruptcy Court for the Eastern District of North Carolina applies a twelve-factor test when determining whether permissive abstention is appropriate in a specific case. Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises Inc. (In re Mercer's Enterprises, Inc.), 387 B.R. 681, 686 (Bankr. E.D.N.C. 2008); H&E Equip. Servs., LLC v. Angell (In re Partitions Plus of Wilmington), Case No L-05-00261-8-AP (Bankr. E.D.N.C. Jan. 19, 2006). Those factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than

>  form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

Id.

Regarding the first factor, the plaintiffs argue that abstention would promote the efficient administration of the estate because the plaintiffs' claims can be liquidated most efficiently in the state court. Prior to the debtor's bankruptcy filing the civil proceedings were scheduled for a hearing on summary judgment in the Carteret County Superior Court. Expressing concern that the procedural requirements of the bankruptcy court would delay the summary judgment proceedings, the plaintiffs contend that remanding the lawsuits back to the state court will allow their motions on summary judgment to be heard immediately, thereby liquidating the plaintiffs' claims and allowing them to participate in the administration of the debtor's bankruptcy estate. However, the debtor asserts that discovery is not complete in the civil proceedings and that the motion to compel discovery must be resolved before the cases can proceed to summary judgment. Additionally, the debtor suggests that the issues are not as straightforward as the plaintiffs represent and that if summary judgment is not granted the state court would require mandatory mediation before the cases could proceed to trial. Thus, the debtor maintains that the plaintiffs' claims can be liquidated most efficiently if litigated in the same venue as the bankruptcy case.

As to the second and third factors, the extent to which the state law issues predominate and the difficulty and unsettled nature of the applicable law, the plaintiffs assert that the issues pending in the state court lawsuits are based solely upon state law causes of action, such that the

state court is the more appropriate forum to settle the cases. The parties agree that the applicable law is not of a difficult or unsettled nature.

The fourth, fifth, and sixth factors are generally undisputed. There are no other related proceedings pending in the state court or any other non-bankruptcy court. No federal jurisdiction exists absent 28 U.S.C. § 1334, though the debtor points out that by filing proofs of claim the plaintiffs voluntarily subjected themselves to the jurisdiction of the bankruptcy court with respect to the claims at issue. Moreover, the parties agree that the proceedings are related to the main bankruptcy case because, if allowed, the claims at issue could comprise a majority of the unsecured class, giving the plaintiffs the right to vote on plan confirmation and affecting the administration of the estate.

Regarding the seventh factor, the substance rather than form of the asserted "core" proceeding, the debtor argues and the plaintiffs do not dispute that by filing proofs of claim against the debtor's bankruptcy estate, the plaintiffs have involved the causes of action at issue in the civil lawsuits in the "process of allowance or disallowance of claims," rendering the proceedings "core" under 28 U.S.C. § 157(b)(2)(B). However, the plaintiffs contend that to the extent that the matters are core proceedings, they are "core" in form only. The debtor insists that proceedings to determine the nature and extent of the debtor's liability under the plaintiffs' claims are the epitome of "core proceedings" as defined by § 157(b)(2)(B).

Factors eight and nine concern the feasibility of severing state law claims from core bankruptcy matters and the burden on the bankruptcy court's docket. The parties present no arguments in favor of the eight factor, but they are in agreement that liquidating the claims as efficiently as possible is in the best interest of the parties and the bankruptcy estate. As to the

9

ninth factor, the plaintiffs suggest that remanding the lawsuits to state court would decrease the burden on the bankruptcy court's docket. In opposition, the debtor points out that adjudicating these matters in the bankruptcy court will not substantially increase the burden on the bankruptcy court's docket because remanding the proceedings will not eliminate the need for bankruptcy proceedings related to the allowance or disallowance of the plaintiffs' claims.

The tenth factor concerns the likelihood that the commencement of the proceedings in the bankruptcy court involves forum shopping by one of the parties. Based on the debtor's motion to disqualify the Honorable Judge Lanier, the plaintiffs contend that the debtor's removal of the civil actions was motivated by forum shopping.[5] Nonetheless, the debtor professes to have sought bankruptcy protection to stabilize her assets and to reorganize her finances to arrange for payment of all of her creditors. It was with that broad goal in mind that the debtor claims to have removed the pending lawsuits, in order to bring all issues related to her finances into one forum for determination and treatment.

Finally, factors eleven and twelve are undisputed by the parties. Only the debtor asserts a right to a jury trial, and she agrees to waive that right if the matters remain in the bankruptcy court. While the plaintiffs are non-debtor parties, they are also creditors in the debtor's bankruptcy case, and there are no other non-debtor or non-creditor parties involved in the suits. The plaintiffs argue that because all of the parties are located in Carteret County it would be most fair to litigate the issues locally instead of requiring everyone to travel to the debtor's choice of forum.

---

[5]The plaintiffs also point out that Judge Lanier is longer scheduled to hear matters on the civil trial calendar, so that any of the debtor's concerns with litigating the matters in the state court are moot.

Based on its analysis of the above, the court finds that the factors weigh against voluntary abstention. While the court is mindful of the interest of comity with the state courts, it is clear that the bankruptcy court is the proper forum to hear the lawsuits at issue in this case. By filing a proof of claim against the debtor's bankruptcy estate the plaintiffs voluntarily submitted to the equitable power of the bankruptcy court to allow or disallow their claims. Despite the fact that the plaintiffs' causes of action are based on state law, the matters neither present complex or unsettled issues of state law, nor are they under the purview of any particular judge previously familiar with the facts. Therefore, it does no great harm to comity or the interest of the state court for the issues to be resolved by the bankruptcy court.

In addition, the factors weigh heavily in favor of retaining jurisdiction over the proceedings to effectuate the efficient administration of the estate and to promote judicial economy. The goals of "[j]udicial economy and efficient administration of the estate are best served when adversary proceedings are litigated in the same venue as the bankruptcy case." Mercer's, 387 B.R. at 688 (citing Warren Producers, Inc. v. Imperial Gas Res. (In re Warren Producers, Inc.), 360 B.R. 249, 253 (Bankr. W.D. Ky. 2007)). The plaintiffs' concerns that the procedural requirements of the bankruptcy court will delay liquidation of their claims are unfounded, as the proceedings come into the bankruptcy court in the same posture they came out of the state court. In fact, the "fundamental purpose" of chapter 11 is to "'centralize all disputes concerning [a debtor's legal obligations] so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.'" Phillips v. Congelton, L.L.C. (In re White Mountain Mining Co.), 403 F.3d 164, 170 (4th Cir. 2005) (quoting In re Ionosphere Clubs, Inc., 922 F.2d 984, 989 (2nd Cir. 1990)). Although it appears that the pending motions

could be heard quickly in the state court, the motion for summary judgment has been continued a number of times, and it is likely to be continued again as pending discovery issues have yet to be resolved. In the bankruptcy court, the motion to compel discovery can be calendared immediately, with a hearing on the plaintiffs' motions for summary judgment to follow shortly upon its resolution. Despite the magnitude of the bankruptcy court's docket, there is absolutely no indication that the plaintiffs' lawsuits will languish here. Furthermore, there is a possibility that, due to the rotating calendar in the state court, any number of judges could preside over the remaining hearings, thus requiring multiple judges to familiarize themselves with the facts of the case. Finally, retaining the matters in the bankruptcy court obviates the need for dualistic proceedings to determine the nature and allowance or disallowance of the plaintiffs' claims.

The only factor weighing in favor of remand is burden of travel on the non-debtor parties. Although it is not possible to schedule all of the proceedings locally due to ongoing renovations of the federal courthouse in New Bern, the court commits to making every effort to hold the trial of these proceedings in a location more amenable to the non-debtor parties.

## CONCLUSION

Based on the foregoing, the plaintiffs' motions for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) and for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) are DENIED. Accordingly, the plaintiffs' motions to remand the civil proceedings to state court and to lift the automatic stay are also DENIED.

"END OF DOCUMENT"